# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

REGINALD CONLEY,

        Petitioner,    :    Case No. 2:19-cv-1222

- vs -    District Judge George C. Smith
    Magistrate Judge Michael R. Merz

RON ERDOS, Warden,
  Southern Ohio Correctional Facility

                              :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Reginald Conley brings this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254, challenging his conviction for two counts of murder and associated crimes in the Common Pleas Court of Delaware County, Ohio.

Under Rule 4 of the Rules Governing § 2254 Cases, the clerk of the court must promptly forward a newly filed habeas corpus petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. In this judicial district, all habeas corpus cases are referred by the assigned District Judge to a Magistrate Judge for initial review. The Magistrate Judge reference in this case has been recently transferred to the undersigned to help balance the workload in the District.

Petitioner was indicted by a Delaware County grand jury on July 22, 2016, along with co-

defendant Jermaine Kelly on two counts of murder, intimidation of a witness, and having weapons under disability. *State v. Conley*, 2018-Ohio-298 (Ohio App. 5th Dist. Jan. 25, 2018). At trial to a jury in early March 2017, Conley was convicted on the murder and intimidation counts, each of which carried a gang affiliation specification and a firearm specification. He was sentenced to the prison term from which he seeks release and filed a timely appeal to the Fifth District Court of Appeals. That court affirmed the convictions on January 25, 2018.

Under Ohio law a criminal defendant has forty-five days to appeal from a court of appeals decision to the Supreme Court of Ohio. As Conley indicates in his Petition, he missed that deadline and the Supreme Court denied his application for leave to file a delayed appeal. *State v. Conley,* 153 Ohio St. 3d 1437 (2018). Examining the docket of the Supreme Court for his Case No. 18-0719, *State v. Reginald Conley*, one finds that Conley filed his Notice of Appeal and Motion for Delayed Appeal on May 23, 2018.[1] Forty-five days after January 25, 2018, is March 11, 2018. Thus Conley's Notice of Appeal was more than sixty days later.

The Magistrate Judge concludes Conley's Petition is procedurally defaulted by his failure to timely appeal to the Supreme Court of Ohio. The procedural default doctrine in habeas corpus is described by the United States Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

---

[1] Available at www.supremecourt.ohio.gov/Clerk/ecms, visited April 11, 2019.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "[A]bsent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review." *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), *quoting Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996) (internal quotation marks omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that

> there was "cause" for him to not follow the procedural rule and that
> he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord*, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

The forty-five day deadline for appealing to the Ohio Supreme Court is established by published rule. S.Ct.Prac.R. 7.01(A)(1). The Supreme Court enforced that rule against Conley by dismissing his appeal and denying his motion for delayed appeal. The rule in question has been upheld by the Sixth Circuit as an adequate and independent state ground of decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted). Lack of counsel at that stage, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Id*. at 498. "Where a state court is entirely silent as to its reasons for denying requested relief," as when the Ohio Supreme Court denies leave to file a delayed appeal by form entry, the federal courts "assume that the state court would have enforced any applicable procedural bar." *Id.* at 497, *quoting Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

**Conclusion**

Because Conley procedurally defaulted his claims by failing to timely appeal to the Supreme Court of Ohio, his Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively

frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 11, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).