# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**REGINALD CONLEY,**

      **Petitioner,**

      v.

**WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY,**

      **Respondent.**

**CASE NO. 2:19–CV–1222
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE MERZ**

## OPINION AND ORDER

This habeas corpus action is before the Court on Petitioner's Objections (ECF No. 7) to the Magistrate Judge's Report and Recommendations ("Report") recommending the Petition be dismissed (ECF No. 6). As required by Fed.R.Civ.P. 72(b)(3), the District Judge has reviewed de novo every portion of the Report.

Upon initial review under Rule 4 of the Rules Governing Habeas Corpus Cases, the Magistrate Judge recommended dismissal on procedural default grounds because Petitioner had not timely appealed to the Supreme Court of Ohio from affirmance of his conviction in Ohio's Fifth District Court of Appeals on January 25, 2018. That decision is reported at *State v. Conley*, 2018–Ohio–298 (Ohio App. 5th Dist. Jan. 25, 2018).

Petitioner objects that it was outside the Magistrate Judge's jurisdiction to find procedural default, but rather up to the Supreme Court of Ohio to make that decision. (Objections, ECF No. 7, PageID 74).

As the Report acknowledges, a federal habeas court may find a procedural default only if the State has an adequate and independent state procedural rule and the state court has enforced

that rule against the Petitioner. (Report, ECF No. 6, PageID 71) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). The Magistrate Judge found that there had been actual enforcement of the forty-five day appeal time by the Ohio Supreme Court because they had dismissed Conley's delayed appeal. *Id.* at PageID 72. Petitioner claims, however, that there was no time bar found.

Petitioner's case before the Supreme Court of Ohio was docketed at that court's case number 2018-0719. The entire dismissal entry in that case reads as follows. "Upon consideration of appellant's motion for a delayed appeal, it is ordered by the court that the motion is denied. Accordingly, this cause is dismissed." It is signed by Chief Justice O'Connor. Although the entry does not say that the dismissal was because the appeal was untimely, this is the standard entry the Supreme Court of Ohio uses to deny delayed appeals; such entries do not ordinarily provide explanations of their reasons. As the Magistrate Judge pointed out in the Report, the Sixth Circuit requires district courts to assume from a form dismissal entry like the one in this case that the state court enforced "any applicable procedural bar." ECF No. 6, PageID 72 (quoting *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)). Although Petitioner may have claimed he had good cause for the delay, the Ohio Supreme Court did not accept that excuse.

Accordingly, Petitioner's Objections to the Report are **OVERRULED** and the Report is **ADOPTED**. The petition herein is **DISMISSED WITH PREJUDICE**. The Court further notes that Petitioner's Objection includes a Notice of Appeal in the event of an adverse ruling. The Clerk is **DIRECTED** to docket that Notice of Appeal. Nevertheless, because reasonable jurists would not disagree with the conclusions in the Opinion and Order, Petitioner is denied a

certificate of appealability. The Court also certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

The Clerk is further **DIRECTED** to serve a copy of the petition and all subsequent filings on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o:

Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

**IT IS SO ORDERED.**

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**